## A90A2090. MILLER v. THE STATE.
(401 SE2d 766)

COOPER, Judge.

Appellant was convicted by a jury of the offenses of burglary and theft by taking. Although appellant appeals both convictions, his sole enumeration of error is that the evidence was insufficient to convict him of burglary.

The evidence adduced at trial revealed that in July 1989, a Mr. Shewbert returned home to discover that a leaf blower and extension cord were missing from his garage. Shewbert's house is located at the corner of Old Flowery Branch Road and Cascade Road and the street address is 2818 Cascade Woods. On that day, a Mr. Effler had been replacing the roof on Shewbert's home, and when Effler left the home in the mid-afternoon, he put his air compressor in Shewbert's garage for use the next day. Effler left the door to the garage open. The next day, Effler discovered that his air compressor was missing. Several months later, Effler saw his air compressor at the home of his neighbor who testified that he had purchased the air compressor from the appellant, his brother's stepson. The neighbor had received a handwritten receipt from appellant for the compressor.

After his arrest, appellant gave the officers a written statement as follows: "I took air compressor from the house on Old Flowery Branch Road and weed blower." The investigating officer also testified that appellant gave an oral statement to him concerning appellant's disposition of the stolen property and repeating appellant's admission that

he took the property from the house on Old Flowery Branch Road. On cross-examination, the officer stated that appellant did not specifically name the street address of the residence on Cascade Woods as the house from which he took the property but that during the course of their conversation with appellant, the officers from their own personal knowledge indicated to appellant the home's street address. As a result, the officer had indicated that appellant named the Cascade Woods address in his admission.

We have reviewed the entire record and conclude that despite the difference in the address as supplied by the appellant in his confession and the correct mailing address as supplied by the officers, there was sufficient evidence presented at trial to sustain a finding of guilt beyond a reasonable doubt by a rational trier of fact. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED JANUARY 31, 1991.

*L. Eddie Benton, Jr.*, for appellant.
*C. Andrew Fuller, District Attorney*, for appellee.